# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1866V
UNPUBLISHED

| | |
|---|---|
| ANDREA ELLINGTON,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: June 29, 2021<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Bobbie L. Flynt*, Crandall & Pera Law, LLC, Chagrin Falls, OH, for Petitioner.

*Adriana Ruth Teitel*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On December 10, 2019, Andrea Ellington filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on October 6, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 12, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On June 29, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $73,880.00 (representing compensation in the amounts of $72,500.00 for pain and suffering and $1,380.00 for past unreimbursable expenses) and $1,155.42 to satisfy the Hospital Care

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Assurance Program ("HCAP") lien. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following compensation:**

1. **A lump sum payment of $73,880.00, representing compensation in the amounts of $72,500.00 for pain and suffering and $1,380.00 for actual unreimbursable expenses in the form of a check payable to Petitioner.**

2. **A lump sum payment of $1,155.42, representing compensation for satisfaction of the HCAP lien, payable jointly to Petitioner and:**

    Miami Valley Hospital
    1 Wyoming Street
    Dayton, OH 45409-2722
    Patient Account No. 105026055

Petitioner agrees to endorse the check to Miami Valley Hospital. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                      **s/Brian H. Corcoran**
                                      Brian H. Corcoran
                                      Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ANDREA ELLINGTON,<br><br>              Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>              Respondent. | No. 19-1866V<br>Chief Special Master Corcoran (SPU)<br>ECF |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On December 10, 2019, Andrea Ellington ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine she received on October 6, 2018.  Petition at 1.

On May 6, 2021, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on May 12, 2021, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 27; ECF No. 28.

**I.**     **Items of Compensation**

    A.     <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $72,500.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

1

B. <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Additionally, Miami Valley Hospital provided medical services to petitioner under Ohio's Hospital Care Assurance Program ("HCAP"), for which they are asserting a lien. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the total amount of $2,535.42. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. **Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through two lump sum payments as described below, and requests that the Chief Special Master's decision and the Court's judgment award the following: [1]

- A lump sum payment of **$73,880.00**, representing $72,500.00 for pain and suffering and $1,380.00 for personally-incurred past unreimbursable expenses, in the form of a check payable to petitioner;[2] and

- A lump sum payment of **$1,155.42**, representing compensation for satisfaction of an HCAP lien, in the form of a check payable jointly to petitioner and:

> Miami Valley Hospital
> 1 Wyoming Street
> Dayton, OH 45409-2722
> Patient Account No. 105026055

Petitioner agrees to endorse the check to Miami Valley Hospital.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

[2] Petitioner is a competent adult. Evidence of guardianship is not required in this case.

2

3

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

*s/ Adriana Teitel*
ADRIANA TEITEL
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-3677

Dated: June 29, 2021

3